Ruffik, Chief Justice,
 

 having stated the case as above, proceeded as follows: The defendant hath taken several exceptions to the reports, which need not be particularly passed on, as one or two of them are founded on principles fatal to the whole report.
 

 The Master has erred in holding Phifer liable for all the-debts, simply upon the ground that the books were in his pos-,.
 
 *234
 
 session, and without evidence of any special undertaking that he would collect the debts. The books must necessarily be . , under the immediate care of one of the partners;, but that ^063 n0|. confer on that partner peculiar powers on this subject, nor make it more his duty than the other’s to collect. Phifer could, therefore, properly be charged with only what he collected.
 

 It is also erroneous to divide the funds, in whosoever hands they may be, into two equal parts, without talcing further accounts. Such a division assumes that the partners themselves owed nothing to the firm, or sums precisely equal; that there were no debts owing by the firm; and that the debts owing to the partnership, when the business was stopped, were all profits. Those assumptions are manifestly unfounded. As the plaintiff has not proved any settlement or statement of company accounts between him and his partner, the interest of each partner in the funds is only an equal share, after all debts are paid, and after accounting for what he had already received. This, therefore, involves the taking all the accounts of the partnership, as well of
 
 the
 
 debts it owed, as of those owing to it, and every thing else material to stating a proper profit and loss account — for it is only such balance as may appear upon that account, that is to be divided between the partners and carried to their respective accounts in the books, and thereby shew how they stand towards each other. The Master says, indeed, that there is no proof that there were debts outstanding against the firm. But, it does not appear that he examined the books with this view, or, even interrogated the plaintiff on the point. Besides, there is evidence which renders it highly probable that the firm did owe money. Mrs. Young says that Phifer borrowed of her $700, on the 27th of January, 1823, and proposed to give for it the note of Phifer and McRae, but she preferred his own note, and he gave it. Now, on that very day, the .plaintiff gave his bond to Phifer for half that sum. These circumstances render it highly probable, that the money borrowed was for the use of the firm; and hence, it is also probable, that the credits on the plaintiff’s note were, in whole or in part, for his share of the moneys collected by Phifer. However that
 
 *235
 
 may turn out, it is manifest that justice cannot be done, until all the accounts of the partnership and between the partners themselves be taken, instead of taking merely a list of balances due to the firm. The reports proceed, therefore, upon wrong principles throughout, and must be set aside; and a new reference ordered, to take all the necessafy accounts, as herein indicated.
 

 Pjsr Curiam. Order accordingly.